IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Ocwen Loan Servicing, LLC as servicer for Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed-Pass-Through Certificates, Series 2006-M1,** | ) ) ) ) ) ) | |
| | ) | Civil No. 18-21 |
| Appellant, | ) ) | (Bankruptcy Nos. 15-10895) |
| v. | ) ) | |
| **Denae Marie Randolph and Ronda J. Winnecour, Chapter 13 Standing Trustee,** | ) ) ) | |
| Appellees. | ) ) ) | |

| | | |
|---|---|---|
| **Ocwen Loan Servicing, LLC as servicer for Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed-Pass-Through Certificates, Series 2006-M1,** | ) ) ) ) ) ) | |
| | ) | Civil No. 18-22 |
| Appellant, | ) ) | (Bankruptcy No. 15-10886) |
| **Clyde W. Ransom, Betty Jean Ransom, and Ronda J. Winnecour, Chapter 13 Standing Trustee,** | ) ) ) ) | |
| Appellees. | ) ) ) | |

**MEMORANDUM OPINION**

**Conti, Chief District Judge**

1

*I. Background*

This matter is before the court upon a "Motion to Extend Time to Move for Rehearing under Federal Rule of Bankruptcy Procedure 8022, and Motion for Reconsideration and Reargument" filed by Appellant Ocwen Loan Servicing, LLC ("Ocwen"). Ocwen seeks reconsideration of a Memorandum Opinion and Order issued by this court on March 2, 2018, denying Ocwen's appeal from two underlying bankruptcy cases: In re Denae Marie Randolph, No. 15-10895 (Bankr. W.D. Pa. 2015); and In re Clyde W. Ransom, et al., 15-10866 (Bankr. W.D. Pa. 2015).

By way of background, Ocwen, a mortgage servicing company, filed Notices of Post-Petition Mortgage Fees, Expenses, and Charges ("PPFNs") in each of the underlying bankruptcy cases on April 4, 2016, and April 11, 2016. The bankruptcy court observed that Ocwen had improperly charged a $400 legal fee for "plan review" in both cases. Although Ocwen agreed to remove the improper charges from the loans, the bankruptcy court ordered Ocwen to produce the complete loan histories to the Chapter 13 Trustee for review. That order was entered onto the docket of both cases on July 26, 2017.

Shortly thereafter, Ronda J. Winnecour, the trustee in both cases (the "Trustee", and collectively with the debtors in each case, the "Appellees"), reported to the bankruptcy court that Ocwen had only provided partial loan histories, rather than the complete loan histories required by the court's orders. In an attempt to enforce its July 26, 2017 order, the bankruptcy court held a hearing on August 31, 2017, and issued supplemental orders on August 15, 2017, September 1, 2017, and December 21, 2017. The last of these orders directed Ocwen and its counsel to appear at an additional hearing to "show cause for and justify their failure to comply" with the court's

previous orders. Rather than comply, Ocwen filed a Notice of Appeal in each case on January 4, 2018.

In a Memorandum Opinion and Order dated March 2, 2018, this court rejected each of Ocwen's appeals. The court held that Ocwen was not entitled to an appeal as of right pursuant to 28 U.S.C. § 158(a)(1) because the bankruptcy court's December 21, 2017 order did not satisfy the requirements for finality under § 158(a)(1). The court also declined to exercise its discretion to grant leave of appeal under 28 U.S.C. § 158(a)(3) because Ocwen had failed to identify a controlling issue of law, an appeal would not materially advance the ultimate termination of the litigation, and exceptional circumstances warranting the need for immediate review did not exist.

On March 29, 2018, Ocwen filed the instant motions seeking an extension of time to move for rehearing and reconsideration of the March 2, 2018 order. Appellees have responded to each motion. This matter is now ripe for review.

## II. Standard

Federal Rule of Bankruptcy Procedure 8022 states that, "[u]nless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days of entry of judgment on appeal." Fed. R. Bankr. P. 8022. Once this deadline has passed, a motion to extend the time for rehearing may only be granted if the "failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

A motion for rehearing under Bankrupty Rule 8022 "functions, essentially, like a traditional motion for reconsideration." Lau v. Bank of America (In re Lau), 684 F. App'x 235, 239 (3d Cir. 2017). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration must therefore rely on one of three grounds: (1) an

intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). As such, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. Discussion

#### A. Excusable Neglect

The court entered final judgment in each of the pertinent bankruptcy appeals on March 2, 2018. Pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure, Ocwen had until March 16, 2018 to file a motion for rehearing or a request to extend the time for rehearing. The instant motion was not filed until March 29, 2018, approximately two weeks beyond that deadline. Consequently, Ocwen must demonstrate that its failure to seek rehearing in a timely manner was the result of "excusable neglect" before this court may grant Ocwen's motion. Fed. R. Bankr. P. 9006(b)(1).

"To determine excusable neglect, the court must consider four factors: '(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.'" Martinez v. City of Reading Prop. Maint. Div., No. 16-1290, 2018 WL 1290087, at *7 (E.D. Pa. Mar. 13, 2018). The determination

is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324 (3d Cir. 2012). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept,' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)). "The neglect of both the party as well as the party's own attorney must be taken into account." Id.

Ocwen's motion completely fails to address the concept of excusable neglect. The only explanation provided for Ocwen's failure to request rehearing in a timely manner is that "Duane Morris was added as co-counsel on March 27, 2018" and "decided to pursue a motion for rehearing." (ECF No. 17 at 6.) Ocwen explains that the decision to pursue rehearing "could not have been made earlier, as Duane Morris was not retained until that date." Id. Ocwen, however, failed to cite any caselaw to support the proposition that the retention of additional counsel after a deadline has expired somehow constitutes "excusable neglect," particularly where the movant has been represented by experienced and able counsel at all times throughout the proceedings.

Even if Ocwen intended to allege that prior counsel mishandled its appeal or misunderstood the applicable rules of bankruptcy procedure – an argument that does not appear on the face of its motion – Ocwen still failed to establish that the four factors outlined above entitle it to relief. Ocwen's choice of counsel was entirely within its control at all times. The ongoing proceedings in the underlying bankruptcy cases have been placed on hold throughout the pendency of these bankruptcy appeals and the resolution of this motion, causing delay and potential prejudice to the debtors and creditors who are seeking finality in those proceedings.

5

Finally, Ocwen's suggestion that it required the addition of another attorney to its roster of experienced counsel in order to decide whether to pursue a motion for rehearing is hardly indicative of good faith. Because each of these factors weigh against a finding of excusable neglect, Ocwen's untimely petition for an extension of time to seek rehearing must be denied.

### B. Rehearing and Reconsideration

Even if Ocwen could demonstrate excusable neglect to justify the untimeliness of its motion for rehearing, Ocwen still failed to establish that reconsideration of this court's previous decision is warranted. The entire basis for Ocwen's motion for reconsideration is that the bankruptcy court lacked jurisdiction to conduct the hearing contemplated by the December 21, 2017 order because there was no case or controversy pending at that time. This court squarely rejected this precise "justiciability" argument in its Memorandum Opinion denying Ocwen's bankruptcy appeals:

> Ocwen during the hearing raised for the first time the argument that there is no jurisdiction because there is no case or controversy. See International Finance Corp. v. Kaiser Group International Inc. (In re Kaiser Group Int'l Inc.), 399 F.3d 558 (3d Cir. 2005). That issue was not raised in the bankruptcy court or the briefings and does not bear on the finality of the orders at issue. Ocwen may raise this issue with the bankruptcy court on remand.

(ECF No. 12 at 8 n. 2.)

> Even if Ocwen were correct in arguing that the bankruptcy court lacked jurisdiction to enter the December 21, 2017 orders, Ocwen still fails to explain how this alleged lack of jurisdiction has any bearing on the finality requirement set forth in § 158(a)(1). Ocwen appears to suggest that any order issued in the face of a jurisdictional challenge is *per se* final and appealable, regardless of the nature of the order itself. Ocwen, however, cites no caselaw to support this proposition. To the contrary, it appears well settled that "immediate appeal is *not* automatically authorized whenever a party alleges that a . . . court order has permitted a suit to move forward in the absence of proper subject matter jurisdiction." Ashmore v. CGI Group, Inc., 860 F.3d 80, 85 (2d Cir. 2017) (emphasis added).

Id. at 8.

"A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." In re Lau, 684 F. App'x at 239. Ocwen's recycled objections to the bankruptcy court's jurisdiction represent a clear attempt to invite the court to "rethink a decision it has already rightly or wrongly made." Ins. Co. of Greater N.Y. v. Fire Fighter Sales & Service Co., No. 11-1078, 2015 WL 4531220, at * 1 (W.D. Pa. July 27, 2015) (citing Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). Defendants are not entitled to seek a "second bite of the apple" on such issues by way of a motion for reconsideration. See, e.g., Boone v. Daughtery, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.") (citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)).

## *IV. Conclusion*

For the reasons discussed above, Ocwen's request for an extension of time to petition for rehearing and for reconsideration of the court's March 2, 2018 Memorandum Opinion is denied. An appropriate order follows.

          By the court:

          /s/ Joy Flowers Conti
          Joy Flowers Conti
          Chief United States District Judge

Dated: May 15, 2018